UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RIVERA LARIOS, | No. 1:26-cv-01498-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner Jorge Rivera Larios has filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order seeking release from immigration custody. In the interest of judicial efficiency, the Court converts the motion into one for a Preliminary Injunction. For the reasons explained below, Petitioner's Motion for Preliminary Injunction is DENIED.

////

////

////

////

////

////

////

1

## BACKGROUND

Petitioner Jorge Rivera Larios was born in Mexico and is a resident of California. (Habeas Pet. ("Pet.") (ECF No. 1) ¶ 25.)  He fled Mexico in 2017 after he was beaten by the Sinaloa Cartel.  (*Id.*)  Petitioner was arrested multiple times in Lake County, California, between 2017 and September 2021, resulting in four convictions: a misdemeanor violation of California Vehicle Code § 14601.5(a); a felony violation of California Health and Safety Code § 11379(a); a probation violation related to the Health and Safety Code conviction; and a felony violation of California Penal Code § 29800(a)(1).  (*Id.* ¶ 26.)  On September 29, 2021, immigration authorities detained Petitioner and reinstated a prior removal order under 8 U.S.C. § 1231(a)(5).  (*Id.* ¶ 27.)  After an asylum officer determined that Petitioner had a reasonable fear of persecution or torture, Petitioner was referred to immigration court for withholding-only proceedings.  (*Id.*)  On January 28, 2022, immigration authorities released Petitioner with an order of supervision pursuant to 8 C.F.R. § 241.5(a).  (*Id.*)  At the time of his release on supervision, Petitioner asserts that Respondents were "fully aware of his immigration and criminal history."  (*Id.* ¶ 28.)  He was at liberty for three years and nine months and complied with all reporting requirements.  (*Id.* ¶ 29.)  He subsequently applied for withholding of removal and deferral of removal under the Convention Against Torture as well as for U nonimmigrant status, a visa for certain crime victims.  (*Id.* ¶¶ 30–31.)  Those applications remain pending.  (*Id.* ¶¶ 30, 32.)

During his release, Petitioner married his U.S. citizen wife and together they had a son.  (*Id.* ¶ 34.)  Petitioner's wife battles alcoholism and has been verbally and physically abusive on occasion.  (*Id.* ¶ 35.)  On August 2025, she became violent and Petitioner called the Lake County Sheriff's Office.  (*Id.* ¶ 36.)  The Lake County Sheriff detained Petitioner and released him the next day and allegedly provided a "detention certificate."  (*Id.*)  Subsequently, on October 14, 2025, Petitioner was detained by immigration authorities during his check in at the San Francisco Immigration and Customs Enforcement ("ICE") field office, where an ICE officer

informed Petitioner that he was being arrested because he had contact with law enforcement in August 2025 and had violated his order of supervision. (*Id.* ¶ 37.)

On October 14, 2025, Petitioner filed a petition for writ of habeas corpus ("Petition I") in the Northern District of California. (*See generally* Opp'n (ECF No. 13) at 1.) The district judge granted a preliminary injunction on October 31, 2025. (*Id.* at 3.) On November 3, 2025, Petitioner and his counsel appeared in immigration court for a pre-deprivation hearing. (Pet. ¶¶ 45–46.) The Immigration Judge issued alternate findings. (Transcript ("Tr.") (ECF No. 2-4) at 58:8.) The judge first found that if the hearing had been a custody redetermination hearing, the court would have no jurisdiction to address bond. (Tr. 58:8–14.) The judge alternately found that if the hearing were a 236(a) discretionary bond hearing, that "based on the criminal convictions, the Court would find that the respondent is a danger to the community." (*Id.* at 58:16–19.) The Court also found that Petitioner was a flight risk. (*Id.* at 60:17.) The Immigration Judge also found that Petitioner did not violate the conditions of his release. (*Id.* at 61:16–17.) Consequently, the Immigration Judge denied bond but left the question of whether to re-detain Petitioner up to immigration authorities. (*Id.* at 61:11–12; 62:10–63:5.) Following the pre-deprivation hearing, Petitioner was re-detained by immigration authorities. (Pet. ¶ 50.) He remains in custody at the Mesa Verde ICE Detention Facility in Bakersfield, California. (*Id.* ¶ 5.)

On November 7, 2025, Petitioner filed a motion to enforce the Northern District's preliminary injunction, however, the district court denied the motion to enforce. (*Id.* ¶ 52.) Petitioner filed a motion for leave to amend his petition for writ of habeas corpus and following briefing on the motion to amend, Respondents filed a notice of appeal of the preliminary injunction. (*Id.* ¶ 53.) On January 21, 2026, the parties filed stipulations to dissolve the preliminary injunction and to dismiss the petition. (*Id.* ¶ 55.) The district court dissolved the preliminary injunction and dismissed the case on January 26, 2026. (*Id.* ¶ 56.) The parties also stipulated to

dismiss the appeal, and, on January 27, 2026, the Ninth Circuit dismissed the appeal. (*Id.*)

On February 20, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition II") in this Court along with a Motion for Temporary Restraining Order (Mot. TRO (ECF No. 2)).  The Motion for Temporary Restraining Order is fully briefed. (Opp'n (ECF No. 13); Reply (ECF No. 14).)  Respondents also filed a Motion to Dismiss, which remains pending.  (ECF No. 12.)  In Petition II, Petitioner alleges three causes of action: (1) violation of 8 U.S.C. § 1231(a); (2) violation of substantive due process under the Fifth Amendment of the United States Constitution; and (3) violation of procedural due process under the Fifth Amendment of the United States Constitution. (*See generally* Pet.)

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

**DISCUSSION**

**I.  Successive Petition**

Respondents first contend that the Motion for Temporary Restraining Order should be denied because Petitioner improperly filed a successive petition raising "precisely the same issues as presented before," and they incorporate by reference

4

their arguments presented in the pending Motion to Dismiss.  (Opp'n at 3; MTD (ECF No. 12) at 2.)  Respondents are incorrect.  As discussed below, Petitioner raises due process challenges to the pre-deprivation hearing that could not have been raised in the first petition because the pre-deprivation hearing had not yet occurred.  Moreover, Petitioner bases his habeas petition in 28 U.S.C. § 2241, and not pursuant to section 2244(a) as Respondents contend.  Petitioner is not confined "pursuant to the judgment of a court of the United States."  *See Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921 (10th Cir. 2008) (explaining that a § 2241 habeas petition is one that is filed pretrial and not while in custody pursuant to judgment of a state court); *Barapind v. Reno*, 225 F.3d 1100, 1110 (9th Cir. 2000) ("[Petitioner] satisfies the rigors of § 2241, which requires that a habeas petitioner be 'in custody in violation of the Constitution or laws or treaties of the United States.'")  The Court thus rejects Respondents' argument that the petition is barred as being second or successive.

Respondents' Motion to Dismiss (ECF No. 12) is DENIED on this basis.

**II.  Procedural Due Process**

Petitioner contends that the Immigration Judge who conducted the pre-deprivation hearing did not act as a neutral adjudicator.  (Mot. TRO at 7.)  Petitioner challenges both the Immigration Judge's statement that the hearing was "theoretical" and her allegedly improper deference to the Department of Homeland Security ("DHS") as to whether Petitioner could be re-detained.  (*Id.* at 8.)  Finally, Petitioner takes issue with the Immigration Judge's reliance on criminal convictions that predated his release on an order of supervision to conclude that he was a danger to the community and a flight risk while also finding that he had not violated any conditions attached to that order.  (*Id.*)  Respondents do not meaningfully address the *Winter* factors in their Opposition.

The Court concludes that Petitioner is not likely to be successful on his claim that there was a procedural due process violation in the pre-deprivation hearing.  In constitutional challenges to an Immigration Judge's detention determination, a

habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark,* 124 F.4th 775, 784 (9th Cir. 2024). This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard." *Id.* (citation and quotations omitted). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions,* 872 F.3d 976, 981 (9th Cir. 2017). Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden,* No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

Here, the Immigration Judge made alternate findings. She first stated that "[i]f this were an actual custody redetermination hearing, I would find initially that the Court has no jurisdiction to address bond and that had [Petitioner] been arrested, detained, and then sought to have a custody redetermination hearing, that would've been the Court's likely finding." (Tr. 58:8–14.) Next, the Immigration Judge stated that the Department asked her to proceed under a 236(a) discretionary bond, and that "based on the criminal convictions, the Court would find that [Petitioner] is a danger to the community. His most recent arrest conviction was for a firearm." (*Id.* 58:15–20.)

An INA 236(a) discretionary bond is an 8 U.S.C. § 1226(a) hearing. In a § 1226(a) hearing, the Ninth Circuit held that the burden of proof is on the detainee. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (2022). Like in *Rodriguez*, Petitioner was represented by counsel at the hearing and, to the extent Petitioner lacked certain information to present his case, "§ 1226(a)'s procedures would have allowed [Petitioner] to raise that fact for the [Immigration Judge's] consideration." *Id.* at 1212.

6

In assessing Petitioner's criminal convictions, the Immigration Judge referred to both parties' filings, noting the dates and criminal history:

> [o]n 2018, the respondent was arrested for a felony charge of concealed dirk or dagger.  And again, in 2019, there was a charge of controlled substance.  There's two entries.  One is for possession and one is for transportation, and a misdemeanor charge of obstructing a public officer.
>
> And in 2021 is the felony charge of possession of firearm ammunitions charge.  And in 2021, another arrest for being under the influence of a controlled substance. . . . the Court would have to find through assessing the evidence that the respondent is a danger to the community based on those convictions.

(Tr. 59:16–60:7.)  While the Immigration Judge also noted that "it's disputed as to whose burden it is, [she] would enter a finding that the [Petitioner] did bear the burden demonstrating he's not a danger to persons or property and not a flight risk." (*Id*. 60:18–23.)  Per *Rodriguez*, this is the correct burden to apply in a §1226(a) hearing.  The Immigration Judge did not abuse her discretion in applying this burden.

Turning to the alternate finding, the Immigration Judge stated that she "has conducted a custody redetermination hearing based on relevant law and finds that the respondent is a danger to the community, a danger to persons, is a flight risk, and is therefore denying bond." (Tr. 61:6–12.)  The Immigration Judge also concluded that the Department of Homeland Security established its burden that Petitioner was a danger to person or property and is a flight risk.  (*Id*.)

Section 1226(a) "is silent on which party bears the burden of proof at a custody redetermination hearing and the quantum of evidence necessary to satisfy that burden."  *Singh v. Barr*, 400 F. Supp. 3d 1005, 1017 (S.D. Cal. 2019).  In the § 1226(a) custody hearing context, however, "the Ninth Circuit has held that the Constitution mandates placing the burden of proof on the Government to show ineligibility for bail by clear and convincing evidence."  (*Id*. (cleaned up and citations omitted).)  The

Immigration Judge applied the correct standard for a custody redetermination hearing, as the transcript shows.

To the extent that Petitioner challenges the Immigration Judge's finding that he was a danger notwithstanding his compliance with the conditions of his order of supervision, in *Martinez v. Clark*, the Ninth Circuit found that procedural due process was satisfied when the Immigration Judge considered the totality of the evidence in determining whether petitioner was a danger to the community. 124 F. 4th at 785–86. Like in *Martinez*, here, the transcript reflects that the Immigration Judge also considered the totality of Petitioner's criminal convictions and, notably, did not count the August 2025 contact with law enforcement against Petitioner. (*See generally* Transcript.) Consistent with *Singh*, the Immigration Judge also considered the "recency and severity of the offenses," 638 F.3d at 1206, in making her dangerousness determination. (*Id.*) Petitioner's disagreement appears to be with how the Immigration Judge weighed the evidence, but the district court may not second guess the Immigration Judge's weighing of the evidence. *Quan*, 2021 WL 308610, at *4. Because the Immigration Judge applied the correct standard of proof for both types of hearings – a § 1226(a) hearing and a custody redetermination hearing – the Court concludes that Petitioner is unlikely to be successful on his claim that there was a procedural due process violation. The Court will not address the remaining *Winter* factors.

Accordingly, the Court DENIES the Motion for Temporary Restraining Order as to the procedural due process claim.

**III. Substantive Due Process**

Petitioner also asserts a substantive due process claim and contends that his "detention is not reasonably related to civil detention purposes." (Pet. ¶ 142.) The guarantees of the Due Process Clause "include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process was provided, unless the infringement is narrowly tailored to

serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 301–02 (1993). Noncitizens in removal proceedings are accorded full due process and equal protection rights. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). The Supreme Court has also recognized the availability of substantive due process claims in the context of immigration detention. *Id.* at 694.

However, Petitioner's claim is premature. He has not provided evidence showing that he has been detained longer than six months, which is the relevant detention period in *Zadvydas*. *See Ruiz v. Warden*, 2025 WL 2995146, at *3 (C.D. Cal. Sept. 23, 2025) (finding substantive due process claim premature). In *Zadvydas*, the Supreme Court concluded that "[a]fter this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink." *Id.* at 701.

Accordingly, the Court concludes that Petitioner has not shown a likelihood of success on the merits of his substantive due process claim and this claim is DENIED.

**IV. Violation of 8 U.S.C. § 1231**

This issue was previously raised and addressed in the prior habeas petition, *Larios v. Albarran*, 2025 WL 3043391, at *4 (N.D. Cal. Oct. 31, 2025). Petitioner has received a pre-deprivation hearing pursuant to that petition's grant of a preliminary injunction. Accordingly, as Petitioner is not likely to be successful on the merits of establishing a due process violation in the conduct of the pre-deprivation hearing he received, this claim is DENIED as moot.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion for a Temporary Restraining Order (ECF No. 2) is converted to a Motion for a Preliminary Injunction and DENIED.  For the reasons stated in the Order, Respondents' Motion to Dismiss (ECF No. 12) is also DENIED.  The matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:   **March 18, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE